LAW SOLUTIONS CHICAGO, LLC D/B/A ALLEN CHERN
280 West Main Street
Denville, NJ 07834
Tel: 973-453-2838
Fax: 973-453-2869
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Justin Andrew Maloney | Case No. 15-13186 |
| | Chapter 13 |
| | Hon. James L. Garrity |
| JUSTIN ANDREW MALONEY,<br><br>Plaintiff<br><br>v.<br><br>1320 St. Nicholas Ave. Owner, LLC and Horing Welikson & Rosen, PC<br><br>Defendants | Adv. Pro. No. |

**ADVERSARY COMPLAINT IN A CORE PROCEEDING FOR RECOVERY OF MONETARY DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY RELIEF**

**JUSTIN ANDREW MALONEY**, the Debtor/Plaintiff in the above-entitled action, complains of the Defendants, 1320 St. Nicholas Ave. Owner, LLC and Horing Welikson & Rosen, PC, and states as follows:

**INTRODUCTORY FACTS**

**INTRODUCTION**

1. This is an action for actual and punitive damages commenced pursuant to section 362 of Title 11 of the United States Code (the "Bankruptcy Code") for the enforcement of the automatic stay imposed by 11 U.S.C. §362(a)(1), (a)(3), (a)(4), (a)(6) and (k) and Federal Rule

of Bankruptcy Procedure 7001(1), Federal Rule of Bankruptcy Procedure 7001(7) and Federal Rule of Bankruptcy Procedure 7001(9), to obtain declaratory and injunctive relief pursuant to 11 U.S.C. §105, §1107 and Federal Rules of Bankruptcy Procedure 7001(7) and (9) and for sanctions for violation of a confirmed plan pursuant to 11 U.S.C. §1327(a) and 11 U.S.C. §105 and Federal Rule of Bankruptcy Procedure 7001(1)

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

3.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Amended Standing Order of Reference entered by the Chief Judge of the United States District Court for the Southern District of New York on January 31, 2012 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4.      This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5.      Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code as against 1320 St. Nicholas Ave Owner, LLC as this Defendant owns real property and operates as a landlord in this business/.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code as against Horing Welikson & Rosen, PC ("HWRPC") as this Defendant operates as a law firm in this district and has, upon information and belief, regularly commenced litigation against individuals in this district.

## PARTIES

7. Plaintiff, Justin Andrew Maloney, is an individual resident of the State of New York, residing at 599 W 176th St #28, New York, NY 10033.

8. Upon information and belief, Defendant 1320 St. Nicholas Ave. Owner, LLC ("landlord") is a Limited Liability Company formed and existing under the laws of the State of Delaware, with its principal place of business located at 1465a Flatbush Avenue, Brooklyn, New York 11210.

9. Upon information and belief, Horing Welikson & Rosen, PC, is a professional corporation, formed and existing under the laws of the State of New York, with its principal place of business located at 11 Hillside Avenue, Williston Park, NY 11596.

## FACTS COMMON TO ALL COUNTS

10. The Debtor commenced the underlying bankruptcy case on November 30, 2015, by the filing of a petition under Chapter 13 of Title 11 of the United States Code.

11. At the time of filing, the debtor resided at his present address, which was owed by 599 West Associates, LP. At the time of filing, the debtor had rental arrears of approximately $3,235.60.

12. As part of the filing of the case, the Debtor filed schedules, a statement of financial affairs and a plan of payment in accordance with the relevant provisions of the Bankruptcy Code.

13. The Debtor listed on Official Form 6F, the obligation to 599 West Associates, LP.

14. The Debtor's Plan proposed the repayment to 599 West Associates, LP the full amount of its rental arrears in accordance with the provisions of 11 U.S.C. §1322 and in the form approved by the United States Bankruptcy Court for the Southern District of New York.

15. When 599 West Associates did not file a claim, the Debtor, through counsel filed a claim for the rental arrears in accordance with 11 U.S.C. §502(d).

16. The Plan was served on 599 West Associates, LP on or about December 15, 2015.

17. Sometime between the commencement of the underlying case and August 2, 2016, the Defendant Landlord purchased Plaintiff's building and succeeded to his lease with 599 West Associates, LP.

18. On August 2, 2016, without seeking leave of this Court, the Defendant landlord through its counsel, Defendant HWRPC, commenced a landlord tenant proceeding seeking to evict the Plaintiff from his home.

19. On August 16, 2016, the Plaintiff, through counsel advised HWRPC and through them the Defendant landlord, of the pendency of the bankruptcy case and the applicability of the Automatic Stay.

20. Thereafter, on August 23, 2016, Plaintiff, through counsel, again notified HWRPC both by email and through telephone communications with the attorney handling the file, one Jeffrey Hulbert, Esq. of the pendency of the bankruptcy case and the applicability of the Automatic Stay.

21. Meanwhile, on September 1, 2016, the Debtor's Plan was confirmed in open court by this Court and the order is pending execution by the Court.

22. Nothwithstanding being advised of the underlying bankruptcy case, Defendants continued the landlord tenant litigation and, on January 25, 2016, the Plaintiff received an eviction notice.

23. The Debtor has been required to have bankruptcy Counsel address this matter and appear in landlord tenant court to correct the Defendants' blatant disregard for the automatic stay.

24. Further, the Defendants have refused since November of 2016 to accept and cash the Plaintiff's rent checks, thus manufacturing a default in his rent.

## FIRST COUNT

### Injunctive Relief

25. Plaintiff repeats and realleges each and every one of the foregoing paragraphs with the same force and effect as if set forth at length.

26. The Defendant, despite being well aware of the pendency of the underlying Chapter 13 case, knowingly and willfully continued to prosecute a claim that not only arose well before the filing date, but which was to be cured by the Debtor's Plan.

27. Accordingly, the Plaintiff requests injunctive relief, restraining and enjoining the Defendants from:

   a. Prosecuting, continuing to prosecute, or commencing any civil actions against Justin Andrew Maloney;

   b. Violating the automatic stay in any manner as to Justin Andrew Maloney;

   c. Taking any action to institute or re-institute any civil action based on the pre-petition transactions between the Defendants and the Debtor.

   d. And commanding the Defendants to accept the Debtor's rent checks.

## SECOND COUNT

### Damages for Willful Violations of the Automatic Stay

28. Plaintiff repeats and realleges each and every one of the foregoing paragraphs with the same force and effect as if set forth at length.

29. The Defendants' actions in continuing to prosecute their landlord tenant action, despite being affirmatively advised of the pendency of the within Chapter 13 case, constitute a knowing and willful violation of the automatic stay imposed by 11 U.S.C. §362.

30. At all times relevant hereto, the Defendants were fully aware of the pendency of the within bankruptcy case having been advised by the Debtor's counsel verbally and in writing of the pendency of the case.

31. By reason of the foregoing, the Defendants have engaged in a consistent and willful pattern of violating the automatic stay imposed by 11 U.S.C. §362(a).

32. As such, Plaintiff has suffered actual damages by reason of the Defendants willful and knowing violations of the automatic stay.

**WHEREFORE** Plaintiff, Justin Andrew Maloney, demands judgment as follows:

A. On the First Count of the Complaint, granting injunctive relief, restraining and enjoining the Defendant from:

   a. Prosecuting, continuing to prosecute, or commencing any civil actions against Justin Andrew Maloney;

   b. Violating the automatic stay in any manner as to Justin Andrew Maloney;

   c. Taking any action to institute or re-institute any civil action based on the pre-petition transactions between the Defendants and the Debtor.

   d. And commanding the Defendants to accept the Debtor's rent checks.

B. As to the Second Count, as against the Defendant, that this Court find each of the Defendant's actions constitute a separate and distinct violation of the Automatic Stay;

C. On the Second Count, as against the Defendant, that the Plaintiff recover as against the Defendant all actual damages sustained by the Plaintiff, including legal expenses, and any other costs incurred by reason of the Defendant's willful, knowing and egregious violations of the Automatic Stay.

D. That the Plaintiff recover against the Defendant, all reasonable legal fees and expenses incurred by their attorney at his standard hourly rate of $350.00 per hour;

E. That the Plaintiff recover punitive damages against the Defendant in an amount that the Court shall determine by reason of the willful, deliberate, and egregious violations of the Automatic Stay.

F. That all post-petition late charges and any other charges are forever canceled and discharged;

G. That Defendant shall discharge and release as satisfied in full, at Defendant' sole expense, jointly and severally, any and all liens filed against the Plaintiff; and

H. That the Plaintiff be granted such other and further relief as the Court may deem just and proper.

LAW SOLUTIONS CHICAGO, LLC
D/B/A ALLEN CHERN

By:     /s/Scott J. Goldstein (sg1837)
SCOTT J. GOLDSTEIN
280 West Main Street
Denville, NJ 07834
(973) 453-2838
(973) 453-2869

sjg@uprightlaw.com